**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY COLE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 5:25-cv-01097-PCP<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR PRESERVATION ORDER** |

**INTRODUCTION**

Pursuant to Civil Local Rule 7-11 and the Court's April 23, 2025 Order (ECF No. 28), Plaintiff Courtney Cole ("Plaintiff") respectfully requests that the Court enter an Order requiring non-parties Meta Platforms, Inc. ("Meta") and Adobe Inc. ("Adobe") to preserve data in their sole possession relevant to this case – namely, data disclosed to Meta and Adobe via the LinkedIn Learning platform of Defendant LinkedIn Corporation ("Defendant" or "LinkedIn").

Plaintiff alleges that Defendant violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, because Defendant knowingly disclosed its users' identities and their video viewing activity (collectively, "PII") to third-parties, including Meta and Adobe, without their consent. Compl. (ECF No. 1) ¶ 2. Specifically, Plaintiff claims Defendant installed code on its website called the Facebook Tracking Pixel which it used to share PII with both Meta and Adobe.

The key evidence in this case – *i.e.*, evidence showing exactly what Defendant disclosed about Plaintiff and other class members – is in the sole possession of Meta and Adobe. *See, e.g.*, *Jancik v. WebMD LLC*, 2025 WL 560705, at *3 (N.D. Ga. Feb. 20, 2025) (citing evidence presented on class certification showing that Facebook Tracking Pixel sent Meta the URLs of webpages with videos and matched that data to specific Facebook users). Without this evidence, Plaintiff likely will not be able to establish her claim or certify a class. Because Meta and Adobe are known to delete data regularly pursuant to their document retention policies, a preservation order is necessary to avoid substantial prejudice to Plaintiff and absent class members.

Given that Meta and Adobe are Defendant's vendors, it is Plaintiff's position that Defendant has an obligation to ensure that data Defendant disclosed to those vendors is preserved. However, in connection with Plaintiff's Administrative Motion for Limited Early Discovery (ECF No. 25), Defendant claimed that it did not make sense for Defendant to tell its vendors to preserve data relevant to this litigation. *See id.* at CM/ECF 3; *see also* ECF 25-1 ¶ 6.

While the Court did not grant Plaintiff early limited discovery, in its April 23, 2025 Order, it stated that Plaintiff may refile an administrative motion seeking a preservation order from the Court. ECF No. 28. To ensure that Meta and Adobe preserve data going forward, Plaintiff files this motion.

## LEGAL STANDARD

In determining whether a court should order a non-party to preserve evidence, courts consider: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity or party to maintain the evidence sought to be preserved. *Bright Solutions for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015). The need for a preservation order is more pressing "where the entities that have the information . . . are not parties and thus have no duty to preserve absent a court order." *Id.* at *3.

## ARGUMENT

### I. THE RELEVANT DATA IS LIKELY TO BE DELETED ABSENT A PRESERVATION ORDER

According to Meta, it "may retain the Event Data [collected through the Facebook Tracking Pixel] for a maximum of two years." Meta, *Meta Business Tools Terms*, available at https://www.facebook.com/legal/technology_terms. Likewise, Adobe states that "[t]he default data retention policy for Adobe Analytics is 25 months." Adobe, *Data Retention Policy*, available at https://experienceleague.adobe.com/en/docs/analytics/technotes/data-retention.

In Plaintiff's Complaint, she alleges as an example that "on October 11, 2023, Plaintiff watched a course on LinkedIn Learning," and that Defendant shared data about that session with Meta and Adobe. Compl. (ECF No. 1) ¶ 5. Importantly, Defendant has confirmed that it has not directed Meta and Adobe to preserve data related to this case. *See* ECF No. 25 at 3.[1] Thus, based on the above-cited retention policies of Meta and Adobe, absent a preservation order, at the latest, those companies will delete the October 11, 2023 data in October and November of this year, respectively. Relatedly, Meta and Adobe will delete other data of Plaintiff and that of class members pursuant to the same retention policies.

[1] Citations to page numbers of docketed entries are to the CM/ECF-stamped page numbers.

## II. DELETION OF THE RELEVANT DATA WILL CAUSE IRREPARABLE HARM TO PLAINTIFF AND ABSENT CLASS MEMBERS

To prove her claim under the VPPA, Plaintiff will need to show, among other things, that Defendant disclosed her PII, and that of class members, to Meta and Adobe. The best evidence of those disclosures is the event data transmitted from Defendant to Meta and Adobe that resides in Meta's and Adobe's databases. For instance, in *Jancik*, Meta produced data disclosed to Meta by the defendant showing that the named plaintiff watched a specific video on webmd.com. 2025 WL 560705, at *3. The court in that case relied on that evidence in holding that a class should be certified because the evidence showed that other class members could be identified in the same manner. *Id.*

Absent an Order directing Meta and Adobe to preserve event data they received from Defendant, Meta and Adobe likely will delete the data, thereby inhibiting, and likely precluding, Plaintiff from proving her claim. Absent the event data itself, Plaintiff likely will be required to rely solely on circumstantial evidence to show that Defendant disclosed her PII to these companies. That may or may not be sufficient. By contrast, with the event data, Plaintiff will have irrefutable evidence of Defendant's disclosure to Meta and Adobe of Plaintiff's PII and that of class members.

Likewise, having access to the event data will be key to certifying a class in this case. Defendants in VPPA cases often argue that ad blockers or other privacy settings may have prevented the disclosures from reaching their intended destinations and that individual issues will thus necessarily predominate over common ones. In certain circumstances, that argument may or may not be correct. However, the easiest way around the argument is with data directly from Meta and Adobe showing that those entities did, in fact, receive the data. If a class is defined with reference to when data was actually received by Meta and Adobe, predominance is easily satisfied. Indeed, that is the strategy the plaintiff in *Jancik* successfully employed to certify a class—the only time a class has ever been certified under the VPPA.

In short, absent a preservation order, data critical to Plaintiff's ability to certify a class and prove the merits of her claim likely will be destroyed. Such a result would irreparably harm Plaintiff and class members.

## III. META AND ADOBE ARE CAPABLE OF PRESERVING THE RELEVANT DATA

Plaintiff seeks to have Meta and Adobe preserve a narrow and specifically-defined set of data – *i.e.*, data disclosed to each entity via Defendant's LinkedIn Learning platform. With respect to Meta, it is the understanding of Plaintiff's counsel that the specific data at issue can be identified by the "Pixel ID" number assigned to each Facebook Tracking Pixel utilized by Defendant in connection with the LinkedIn Learning platform. Decl. of Scott R. Drury ¶ 2. Plaintiff's Complaint identifies the Pixel ID associated with one Facebook Tracking Pixel used by Defendant in connection with its LinkedIn Learning platform – 136430647058082. ECF No. 1 ¶ 23. Defendant will know if it used other Facebook Tracking Pixels in connection with the LinkedIn Learning platform. To the extent Meta responds to any preservation order with a request for the Pixel IDs for all Facebook Tracking Pixels used in connection with the LinkedIn Learning platform, or for other specific information in Defendant's possession, Defendant can easily provide that information. Indeed, Defendant's possession of any needed information underscores Plaintiff's position that Defendant was obligated to direct Meta to preserve the data.

With respect to Adobe, Defendant utilized Adobe's "Adobe Audience Manager Segment" feature. *See* ECF No. 26 at CM/ECF 21. Plaintiff's counsel is aware of two "segIDs" associated with Defendant's use of Adobe Audience Manager Segment – namely: 26876302 and 15841815. *See id.*; *see also* Drury Decl. ¶ 3. Defendant will know if it used other Adobe features or segments to disclose the PII of Plaintiff and class members in connection with the LinkedIn Learning platform. To the extent Adobe responds to any preservation order with a request for all segIDs associated with Defendant's use of Adobe Audience Manager Segment, or for other specific information in Defendant's possession, Defendant can easily provide that information.

Based on the above, Meta and Adobe have the capability to preserve the information at issue. *See Bright Solutions for Dyslexia, Inc.*, 2015 WL 5159125, at *3.

## IV. THE NEED FOR A PRESERVATION IS MORE PRESSING HERE BECAUSE META AND ADOBE ARE THIRD PARTIES

The information Plaintiff seeks to preserve is in the possession of Meta and Adobe, neither of which is a party to this litigation. Because Meta and Adobe have no duty to preserve data absent a Court Order, the need for a preservation order is all the more pressing. *See id.*

## V. THE REQUESTED PRESERVATION ORDER SHOULD REQUIRE DEFENDANT TO PROVIDE INFORMATION TO META AND/OR ADOBE IF REQUESTED

As discussed above, Meta and/or Adobe may require information from Defendant – such as the identification of all Pixel IDs and/or segIDs used in connection with the LinkedIn Learning platform – in order to preserve all of the data at issue. Plaintiff's Proposed Order addresses this issue by setting forth a process to be followed in the event Meta and/or Adobe request such information, with Defendant ultimately providing the requested information directly to Meta and/or Adobe without Plaintiff seeing the information. The Proposed Order reflects input from Defendant, who objected to earlier drafts of the Proposed Order because the drafts contemplated Meta and/or Adobe providing the information to Plaintiff's counsel who would then provide it to Meta and/or Adobe. Drury Decl. ¶¶ 4-10.

Notwithstanding the modifications, Defendant continues to object to the Proposed Order on the grounds that the Proposed Order should not address what happens if Meta and/or Adobe request information necessary to preserving the data at issue. *Id.* Plaintiff believes it most prudent to address the issue now to avoid motion practice regarding any such request at a later date. *Id.* Notably, the Proposed Order does not prejudice Defendant. Should Meta and/or Adobe not request any information from Defendant, then Defendant need not take any action. Should Meta and/or Adobe request information, Defendant can produce it directly to those third parties without concern that Plaintiff may have received early discovery.

## CONCLUSION

For the reasons stated herein, the Court should issue an Order requiring Meta and Adobe to preserve all data disclosed to it via Defendant's LinkedIn Learning platform.

Dated: May 6, 2025

Respectfully submitted,

**DRURY LEGAL, LLC**

By: *_/s/ Scott R. Drury_*
Scott R. Drury

Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff*