KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
NIALL M. FRIZZELL - # 311929
nfrizzell@keker.com
RAISA M. CRAMER - # 342390
craisa@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COURTNEY COLE individually and on behalf of all other persons similarly situated,

Respondent,

v.

LINKEDIN CORPORATION,

Defendant.

Case No. 5:25-cv-01097-PCP

**DEFENDANT LINKEDIN CORPORATION'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR PRESERVATION ORDER**

Dept.: Courtroom 8, 4th Floor
Judge: Hon. P. Casey Pitts

Date Filed: February 3, 2025

Trial Date: Not Yet Set

As it has informed Plaintiff several times now, LinkedIn would have no objection to a straightforward third-party preservation order, even though it appears Plaintiff still has not contacted Meta or Adobe regarding preservation.[1] However, what Plaintiff proposes is not a third-party preservation order. It is a means of preemptively compelling *LinkedIn* to gather and produce information of no demonstrated need or importance in this litigation. *See* Dkt. 29-2 at ¶¶ 4-5. At this point, neither Meta nor Adobe has refused to preserve potential evidence. Nor has either company said that they require *any* information from LinkedIn before preserving potential evidence. There is no justification for the extraordinary terms Plaintiff proposes, which appear to reflect an ongoing interest in early discovery more than any substantiated concern regarding third-party preservation. The motion should be denied, at least as to relief sought from LinkedIn.

# I. BACKGROUND

## A. Plaintiff has asserted a meritless VPPA claim.

This case involves a single claim for violation of the Video Privacy Protection Act ("VPPA"). Dkt. 1. According to Plaintiff, LinkedIn violated the VPPA because it transmitted "personally identifiable information" — the identity of a specific individual, combined with their video viewing history, 18 U.S.C. § 2710(a)(3) — by means of a "Meta Pixel" embedded in the webpage for a LinkedIn Learning training video, *id.* at ¶¶ 23-24. According to Plaintiff, the Meta Pixel causes personally identifiable information, or PII, to be sent to Meta. *Id.* And because the Meta Pixel is "integrate[d] with the Adobe Analytics platform," it somehow causes PII to be "disclosed . . . with Adobe Inc. as well." *Id.* at ¶ 30.

As LinkedIn explained in its motion to dismiss, Plaintiff has failed to state a VPPA claim. LinkedIn is not among the limited class of entities to which the VPPA applies. Dkt. 26 at 6-8. Plaintiff is not among the limited class of individuals whom the VPPA protects. *Id.* at 8-10. And Plaintiff has failed to allege multiple essential elements of a VPPA claim, including perhaps the most obvious element — the transmission of PII to a third party. *Id.* at 10-18.

In her complaint, Plaintiff *implies* that the "Meta Pixel Helper" — a tool supposedly

[1] As a matter of due process, one might expect Plaintiff to give Meta and Adobe notice of this motion and an opportunity to consider the and object to the proposed order. But this objection belongs to the third parties, not to LinkedIn.

revealing data transmitted by the Meta Pixel — confirms the transmission of PII. Dkt. 1 at ¶¶ 23-24. Plaintiff also incorporates a screenshot of the Meta Pixel Helper into her complaint. *Id.* Critically, though, Plaintiff obscures the fields identifying the data the Meta Pixel actually transmits. *See id.* When those fields are expanded, it becomes apparent that no PII is transmitted, but instead a series of numbers (including a Pixel ID and "segID") and a URL that no ordinary person could possibly connect to the viewing history of a specific individual. Dkt. 26 at 15-18; Dkt. 26-4 at ¶¶ 8-12; *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (PII is judged on an objective "ordinary person" standard).

### B. The Court has rejected Plaintiff's repeated requests to engage in discovery before LinkedIn's motion to dismiss is resolved.

Before filing its motion to dismiss, LinkedIn requested a continuance of the parties' initial case management conference, consistent with the Court's standing order. Dkt. 21. Plaintiff refused the continuance, arguing for discovery to begin as soon as possible. Dkt. 23 at 2-5. The Court granted LinkedIn's motion for a continuance, effectively limiting the expense and burdens of discovery until after LinkedIn's motion to dismiss is resolved. Dkts. 24, 28.

Plaintiff then filed a motion for "limited early discovery" specifically targeted at the Meta Pixel. Dkt. 25 at 1-3. Plaintiff repeated her allegation that the Meta Pixel causes PII to be "shared . . . with both Meta and Adobe." *Id.* at 1. And Plaintiff even claimed she had "already put forward evidence in her Class Action Complaint" to this effect. *Id.*

LinkedIn opposed the request for early discovery as unjustified, unbounded, and prejudicial. Dkt. 27. LinkedIn also noted that the request ran contrary to the Court's order continuing initial discovery, as it would force LinkedIn "to begin expending resources on discovery immediately," despite a pending motion to dismiss. *Id.* at 5. The Court denied the request for early discovery. Dkt. 28. The Court also noted that it would consider a preservation order, provided the conditions for such an order are satisfied. *Id.*

### C. Plaintiff has proposed a "preservation order" that, once again, seeks to open the door to early discovery.

On April 28, Plaintiff requested that LinkedIn stipulate to a preservation order. Lee Decl.,

Ex. A. The next day, in response to LinkedIn's request, Plaintiff sent a draft of a "preservation order" that compelled LinkedIn to collect Pixel IDs and "segIDs" and share them with Plaintiff's counsel. *Id.* LinkedIn objected to what was, in effect, another request for early discovery, without justification and contrary to the Court's repeated orders on the issue. *Id.* LinkedIn also asked Plaintiff to confirm whether she had taken any steps to raise the issue with Meta or Adobe herself, or to request preservation. *Id.* Despite the urgency supposedly animating Plaintiff's "preservation order," Plaintiff had not done so and, to LinkedIn's knowledge, still has not done so. *Id.* at ¶ 4 & Ex. A. LinkedIn could not agree to Plaintiff's de facto order compelling early discovery; but LinkedIn noted that it would have no objection to a straightforward third-party preservation order, as contemplated by the Court. *Id.*, Ex. A.

After further discussion, Plaintiff proposed its current "preservation order." That order includes language requiring Meta and Adobe to preserve data "in [their] possession, custody, or control received from the LinkedIn Learning platform of Defendant LinkedIn Corporation." Dkt. 29-2 (Proposed Order) at ¶¶ 2-3. But the proposed order doesn't stop there: The proposed order states that Meta and Adobe must specifically ensure preservation of data associated with Pixel IDs and segIDs embedded in LinkedIn Learning. Dkt. 29-2 (Proposed Order) at ¶¶ 2-3. And speculating that Meta and Adobe might "require[]" information from LinkedIn directly, the proposed order preemptively dictates a process for compelling LinkedIn to gather and share unspecified data "within five [calendar] days," and to provide notice and certify compliance to Plaintiff's counsel. *Id.* at ¶¶ 4-5.

LinkedIn again responded that it would have no objection to a straightforward third-party preservation order. Lee Decl. at ¶ 3. However, LinkedIn declined to stipulate to a process that would burden LinkedIn with early discovery costs, compelled by court order, with no justification and contrary to the Court's prior instructions. *Id.*

## II. ARGUMENT

### A. Plaintiff's conditions on LinkedIn are not part of a genuine "preservation order."

A preservation order is an order "to reinforce a party's pre-existing duty to preserve

evidence," or to extend that duty to a third party that would otherwise not be bound by the same obligation. *Bright Sols. for Dyslexia, Inc. v. Doe 1*, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015). LinkedIn has no objection to a straightforward third-party preservation order — for example, an order providing that Meta or Adobe must preserve material received from LinkedIn Learning. What Plaintiff proposes here, however, is not such an order. Rather, Plaintiff asks the Court to ratify a mechanism for compelling LinkedIn to gather and produce information. In this way, Plaintiff's proposed order is also an effort to saddle LinkedIn with the same early discovery burden this Court has now *twice* rejected.

The Court did not invite Plaintiff to submit a request for an order of this kind. Dkt. 28. Nor does the case law in this District contemplate such an order. *See Bright Sols.*, 2015 WL 5159125, at *3 (requiring third parties to "preserve documents, data, and records relating to the sale of the infringing material"). Plaintiff should be limited to a legitimate preservation order.

**B. Plaintiff has identified no need for an order compelling LinkedIn to collect and produce information to third parties.**

Plaintiff has likewise shown no need for the requested order. To LinkedIn's knowledge, Plaintiff still has not contacted Meta or Adobe to request that *any* data be retained. Lee Decl. at ¶ 4 & Ex. A. Plaintiff also has not contacted Meta or Adobe to ask whether any LinkedIn data *at all* is necessary to preserve potential evidence. *Id.* In the context of a genuine third-party preservation order, nothing prevents the third party from seeking clarification or relief from the Court if the terms of preservation are impractical or infeasible, at which point the Court can evaluate whether additional or different terms are appropriate. There is no reason for deviating from that approach here, and Plaintiff provides none. Plaintiff's only explanation for insisting on a preemptive process of data-sharing and compliance-reporting is that "Plaintiff believes it most prudent to address the issue now to avoid motion practice regarding any such request at a later date." Dkt. 29 at 5. That is hardly good cause for the burden Plaintiff seeks to impose.

**C. Plaintiff's proposed conditions on LinkedIn are prejudicial and contrary to multiple prior orders of this Court.**

Lastly, Plaintiff ignores the prejudice she would inflict on LinkedIn by creating, in effect,

an order compelling production before discovery opens. Plaintiff contends that her proposed order "does not prejudice" LinkedIn, because it "can produce [any requested data] directly to [Meta and Adobe] without concern that Plaintiff may have received early discovery." Dkt. 29 at 5. But the purpose of waiting on discovery until the resolution of a motion to dismiss is not, foremost, to prevent the other side from obtaining information it was not genuinely entitled to. It is to prevent the parties from being saddled with the burden and expense of engaging in needless discovery—gathering documents and data, reviewing them, and producing them. That LinkedIn will be making production to a third party rather than directly to Plaintiff (while also notifying and certifying compliance to Plaintiff's counsel) is immaterial. Plaintiff's proposed order seeks to saddle LinkedIn with the burden and expense of early discovery, even after this Court has *twice* refused to permit discovery before it resolves LinkedIn's pending motion to dismiss.

It is likewise no comfort that LinkedIn "need not take any action" unless "Meta and/or Adobe request information" from it, as the proposed order invites such requests, regardless of the true need for them. Dkt. 29 at 5. The proposed order improperly assumes that Meta and Adobe should have Pixel IDs and segIDs (and that LinkedIn is capable of providing them), Dkt. 29-2 at ¶¶ 4-5 — all but guaranteeing that LinkedIn must attempt to gather and produce them by court order, then certify compliance to Plaintiff's counsel. Dkt. 29-2 at ¶¶ 4-5. At the same time, the proposed order improperly sets the Court, the parties, and third parties down the path of treating Pixel IDs and segIDs — information *incapable* of serving as PII, *Eichenberger*, 876 F.3d at 985, and omitted from Plaintiff's complaint for precisely that reason, *supra* section I.A — as a matter requiring burdensome further investigation. Gamesmanship of this kind is inappropriate.

## III. CONCLUSION

Plaintiff's "administrative" briefing is, in effect, already forcing the parties and the Court to address disputes over early discovery, despite this Court's prior orders and the meritlessness of Plaintiff's underlying legal claim. LinkedIn would have no objection to a straightforward third-party preservation order. But Plaintiff's efforts to complicate this litigation and impose premature and unjustified discovery burdens on LinkedIn should be put to rest. Plaintiff's administrative motion should be denied at least as to the relief sought from LinkedIn.

Dated: May 12, 2025

KEKER, VAN NEST & PETERS LLP

By: /s/*Benjamin Berkowitz*

BENJAMIN BERKOWITZ
MATAN SHACHAM
CHRISTINA LEE
NIALL M. FRIZZELL
RAISA M. CRAMER

Attorneys for Defendant
LINKEDIN CORPORATION